IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 94-cv-00488-PAB-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TED A. WADLEY, D.C.,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Approve a Renewal of Its Judgment Lien Entered Against Defendant** [#9] (the "Motion").  Defendant has not filed a response.[1]  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.Colo.LCivR 72.1C.(3), the Motion has been referred to this Court for recommendation [#10].

On March 2, 1994, Plaintiff filed a complaint against Defendant seeking collection of student loan debt incurred by Defendant with the United States under the Health Education Assistance Loan Program. *Compl.* [#1, #9-1].  On July 9, 1994, Plaintiff obtained a default judgment against Defendant for $75,185.73, plus costs of suit. *Default Judgment* [#5, #9-2].  Plaintiff later agreed to a partial release of the judgment lien with respect to certain of Defendant's real property, but the judgment remained in effect against "all other

_____

[1]  Plaintiff attempted to contact Defendant multiple times in fulfillment of its conferral obligations under D.C.COLO.LCivR 7.1(a), but Defendant failed to respond.  *Motion* [#9] at 1.  Plaintiff assumes that Defendant opposes the Motion.  *Id.*

property, assets, and effects." *Partial Release of Judgment Lien* [#9-3].

The Federal Debt Collection Procedures Act ("FDCPA") contains the procedure for the United States to collect a judgment on a debt. *See Suralab, Inc. v. Prod. Assoc. "Minsk Tractor Works," Republic of Belarus*, No. 06 C 3496, 2013 WL 7045925, at *2 n.2 (N.D. Ill. Nov. 8, 2013). It provides that "[a] judgment in a civil action shall create a lien on all real property of a judgment debtor . . . ." 28 U.S.C. § 3201(a). The FDCPA further provides that "a lien created under subsection (a) is effective, unless satisfied, for a period of 20 years." 28 U.S.C. § 3201(c)(1). However, "[s]uch lien may be renewed for one additional period of 20 years upon filing a notice of renewal in the same manner as the judgment is filed and shall relate back to the date the judgment is filed if (A) the notice of renewal is filed before the expiration of the 20-year period to prevent the expiration of the lien; and (B) the court approves the renewal of such lien . . . ." 28 U.S.C. § 3201(c)(2).

Plaintiff seeks to renew its judgment lien against Defendant. However, section 3201(a) clearly applies only to a lien on the *real* property of a judgment debtor. *See, e.g.*, *Malouf v. United States*, Nos. 10-11596-GAO, 10-12006-GAO, 2012 WL 4480748, at *2 (D. Mass. Sept. 28, 2012) (discussing section 3201(a) as applies to real property, including after-acquired real property). Plaintiff has provided no authority for extension of the judgment lien against anything other than real property. As to extension of the lien against Defendant's real property, Plaintiff has met the mandates of section 3201(c)(2), because (1) Plaintiff filed the notice of renewal before the expiration of the 20-year period, which is in July 2014, and (2) the judgment remains unpaid and outstanding. *Motion* [#9] at 2.

Accordingly, the Court respectfully **RECOMMENDS** that the Motion [#9] be **GRANTED in part and DENIED in part**, as follows:

The Court **recommends** that the Motion [#9] be **granted** to the extent that the judgment lien be renewed on Defendant's real property except for that released from the judgment lien on April 28, 1995.  *See Partial Release of Judgment Lien* [#9-3].

The Court further **recommends** that the Motion [#9] be **denied** to the extent that Plaintiff seeks renewal of the judgment lien on any other of Defendant's property.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 18, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge