IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 94-cv-00488-PAB-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TED A. WADLEY, D.C.,

      Defendant.

**ORDER**

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix filed on February 18, 2014 [Docket No. 12] (the "Recommendation"). The magistrate judge recommends that the Court grant in part the United States' Motion to Approve a Renewal of its Judgment Lien Entered Against Defendant [Docket No. 9] filed by plaintiff United States of America (the "United States"). The United States filed a timely objection. Docket No. 15.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by the United States. Fed. R. Civ. P. 72(b)(3). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when

neither party objects to those findings").

The relevant facts are set forth in the Recommendation and will not be recited here. Docket No. 12 at 1-2. Plaintiff objects to the Recommendation insofar as it may be read to suggest that plaintiff's judgment lien has expired with respect to defendant's personal property. Docket No. 15 at 2-3. Plaintiff argues that, under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, a judgment lien does not expire with respect to personal property and thus does not have to be renewed. *Id*. at 3-5.

The FDCPA provides the "exclusive civil procedures" for the United States to "recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). The FDCPA was prompted by the "recognition in the late 1970s that the diversity of state law with respect to Federal debt collection was one of the problems interfering with efficient enforcement activity." H.R. Rep. No. 101-736, Discussion (Sept. 21, 1990); *see also id*. ("many in government, particularly the U.S. Attorneys, . . . believe that by having to resort to a multitude of differing or overlapping state law provisions to collect debts owed to the United States, enforcement activity in this area was being hampered and delayed"). Accordingly, the FDCPA was enacted to "create a comprehensive statutory framework for the collection of debts owed to the United States government." *Id*. at Summary and Purpose. To the extent that state law regarding debt collection is inconsistent with the FDCPA, it is preempted. 28 U.S.C. § 3003(d).

The FDCPA provides for the creation of a lien "on all real property of a judgment debtor" that will remain "effective, unless satisfied, for a period of 20 years." *Id*. at § 3201(c)(1). Such lien may be renewed for an additional period of twenty years "upon

filing a notice of renewal." *Id*. at § 3201(c)(2).  In addition, "[a]ll property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution."  *Id*. at § 3203(a); *see also id*. at § 3203 (b) ("A lien shall be created in favor of the United States on all property levied on under a writ of execution and shall date from the time of the levy.").  The FDCPA does not set forth a time limit within which the government must execute a judgment with respect to non-real property.  *See generally id*. at §§ 3201-3206.

In *United States v. Pierce*, 231 B.R. 890 (E.D.N.C. 1998), the court held that the FDCPA preempts a North Carolina statute prohibiting a creditor from enforcing a judgment on personal property more than ten years after the judgment has been entered.  The court noted that the legislative history of the FDCPA evidences an intent to create a uniform system of federal law, an intent that is clearly expressed in the statute's language.  *Id*. at 892-93.  The court found that a "state law providing the means for execution of a judgment . . . is preempted by the FDCPA provisions regarding execution."  *Id*. at 893.  The court noted that § 3203(a) does not contain a time limit and concluded that this silence must be construed as "the intention for execution procedures to track the indefinite life of a judgment in favor of the United States."  *Id*. (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."); *see also FTC v. Namer*, 481 F. App'x 958 (5th Cir. 2012) (holding that FDCPA preempts inconsistent Louisiana statute precluding enforcement of a judgment after ten years of entry of judgment unless the judgment is

timely revived); *United States v. Gianelli*, 543 F.3d 1178 (9th Cir. 2008) (holding that FDCPA preempts inconsistent California statute precluding enforcement of judgment after ten years of entry of judgment).

Plaintiff's judgment lien on all of defendant's personal "property, assets and effects," *see* Docket No. 9-3 at 1, is not subject to expiration under the FDCPA and thus does not need to be renewed. *See* 28 U.S.C. § 3203(a); *Pierce*, 231 B.R. at 893. The Recommendation does not suggest otherwise. Wherefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Kristen L. Mix [Docket No. 12] is ACCEPTED. The United States' Motion to Approve a Renewal of its Judgment Lien Entered Against Defendant [Docket No. 9] is GRANTED.

DATED May 15, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge